Law Offices of:
**Philip J. Berg, Esquire**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification  No. 09867
(610) 825-3134                    *Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA OSTELLA, | CIVIL ACTION – |
| LISA LIBERI, | **JURY TRIAL DEMANDED** |
| BRENT LIBERI, | |
| FRANK M. OSTELLA, and | Case No: |
| PHILIP J. BERG, ESQUIRE, | |
| Plaintiffs, | |
| vs. | |
| IRBSEARCH, LLC, | |
| LEXISNEXIS RISK DATA | |
| MANAGEMENT, INC. formerly known | |
| as Seisinet, Inc. doing business as | |
| Accurint, | |
| NEIL SANKEY, | |
| TODD SANKEY, | |
| THE SANKEY FIRM, INC., and | |
| DOES 1-50 | |
| Defendants. | |

<u>**COMPLAINT – CIVIL ACTION**</u>

Plaintiffs, Lisa Ostella, Lisa Liberi, Brent Liberi, Frank M. Ostella and Philip J. Berg, Esquire by and through their undersigned counsel, Philip J. Berg, Esquire, hereby allege as follows:

**I.     <u>PRELIMINARY STATEMENT</u>:**

1.     Plaintiffs bring this action for violations of the Drivers Privacy Protection Act ["DPPA"]; Invasion of Privacy; False Light Invasion of Privacy; Defamation; Defamation by Innuendo; California Information Practices Act of 1977, California Civil Code ["*Cal. Civ. Code*"] Sections 1798, *et. seq.*, and Gross/Willful Negligence that caused Plaintiffs severe injuries and damages as a result of Defendants IRBSearch, LLC ["IRB"], and LexisNexis Risk Data Management, Inc. formerly known as Seisint, Inc., doing business as Accurint ["Accurint"] unlawful acts of selling Plaintiffs consumer reports, governed by our Federal Laws, to Defendants Neil Sankey, Todd Sankey and The Sankey Firm, Inc. who were and are unauthorized third parties.   Said reports contained Plaintiffs full names, maiden names, address (past and present), unpublished and unlisted home and cellular numbers, dates of birth, Social Security numbers, mother's maiden names, credit data, place of birth, credit header data, financial data, home values, education, employment data, address histories, criminal record information, if any existed, data obtained from Plaintiffs driving records, and other private data governed by the Gramm Leach Bliley Act ["GLBA"], 15 U.S.C. Sections 6801, *et. seq.* and the Drivers Privacy Protection Act ["DPPA"], 18 U.S.C. Sections 2721, *et. seq.*

II.    **PARTIES:**

2.    Plaintiff Lisa Ostella is an adult individual with a residence in the State of New Jersey, formerly North Carolina, and an address at 2227 US Highway 1, #245, North Brunswick, NJ 08902-4402, who has at all times material to this action, owned a motor vehicle registered with the State of New Jersey Motor Vehicle Commission ["NJMVC"] and has held a driver's license issued by the NJMVC;

3.    Plaintiff Lisa Liberi is an adult individual with a residence in the State of New Mexico, formerly California; with an address at 1704B Llano Street, No. 159, Santa Fe, NM 87505; and is Intern Paralegal for Philip J. Berg, Esquire in Lafayette Hill, PA, who has at all times material to this action, owned a motor vehicle registered with the State of New Mexico Motor Vehicle Division ["NMMVD"], formerly with the California Department of Motor Vehicles ["CADMV"], and has held a driver's license issued by the NMMVD and CADMV;

4.    Plaintiff Brent Liberi is an adult individual with a residence in the State of New Mexico, formerly California; with an address at 1704B Llano Street, No. 159, Santa Fe, NM 87505, who has at all times material to this action, owned a motor vehicle registered with the NMMVD, formerly with CADMV", and has held a driver's license issued by the NMMVD and CADMV;

5.    Plaintiff Frank M. Ostella is an adult individual with a residence in the State of New Jersey, formerly North Carolina, with an address at 2227 US Highway 1, #245, North Brunswick, NJ 08902-4402, who has at all times material to this action,

owned a motor vehicle registered with the NJMVC and has held a driver's license issued by the NJMVC;

6.      Plaintiff  Philip J. Berg, Esquire is an adult individual with an office in the Commonwealth of Pennsylvania located at 555 Andorra Glen Court, Suite 12, Lafayette Hill, PA 19444-2531, who has at all times material to this action owned a vehicle registered with the Pennsylvania Department of Transportation ["PennDot"] and has held a driver's license issued by the PennDot;

7.      Defendant IRBSearch, LLC [hereinafter at times "IRB"] is a Limited Liability Corporation incorporated in the State of Florida, located at 2341 Hansen Court, Tallahassee, Florida 32301.  Defendant IRBSearch, LLC conducts business in the Commonwealth of Pennsylvania and all through the United States and Internationally. IRBSearch, LLC operates the Internet site irbsearch.com.

8.      Defendant LexisNexis Risk Data Management, Inc. formerly known as Seisint Inc. doing business as Accurint Inc., [hereinafter at times "Accurint"] and the legal successor thereto is a Corporation in the State of Florida located at 6601 Park of Commerce Blvd. Boca Raton, Florida 33487.  Defendant Accurint conducts business in the Commonwealth of Pennsylvania, State of California and all through the United States and Internationally.   Accurint operates the Internet site Accurint.com and https://secure.accurint.com/app/bps/main.

9.      Defendant Neil Sankey is an adult individual located at 4230 Alamo Street, Simi Valley, CA 93063.  Neil Sankey conducts business as an Employee and Consultant for and by and through Todd Sankey and The Sankey firm, Inc.

10.    Defendant Todd Sankey is a licensed private investigator and the owner and qualified manager of The Sankey Firm, Inc. located at 2470 Stearns Street, Simi Valley, California 93063, who provided a user name and password to Neil Sankey as an Employee of The Sankey Firm, Inc. with IRBSearch, LLC and Accurint; and

11.    Defendant The Sankey Firm, Inc. is a California Corporation located at 2470 Stearns Street, Simi Valley, CA 93063 and who carries private investigation licensure and is owned and managed by Todd Sankey.

### III.    JURISDICTION and VENUE:

12.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332 and 18 U.S.C. § 2724.

13.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) because (i) the Defendants conduct giving rise to the claims that are subject of this action occurred in the Commonwealth of Pennsylvania and the State of California, including the Eastern District of Pennsylvania; (ii) each Defendant transacts business, committed an illegal and tortious act in, maintains agents of or  representatives in or is otherwise found in this District; and (iii) Plaintiff Philip J. Berg, Esquire is subject to personal jurisdiction in this judicial district as a licensed driver and owner of registered motor vehicles, resides in this District and has suffered and will continue to suffer the same harm and damages as the named Plaintiffs as a result of Defendants wrongful conduct in violating the DPPA.

IV.     **FACTUAL ALLEGATIONS AS TO ALL COUNTS**:

i.      **The Driver's Privacy Protection Act ("DPPA")**:

14.     Congress enacted the DPPA, 18 U.S.C. §2721-2725 (1994 & Supp. 2001), in 1994, as a response to privacy and safety concerns arising from easy access to the personal information contained in State Motor Vehicle Department records.

15.     In 1999 Congress amended Section 2721(b)(12) governing "bulk distribution for surveys, marketing, or solicitations," to change it from an "opt-out" alternative to an "opt-in" requirement.   Subsection 2721(b)(12) requires the express consent of the motorist before the protected information can be obtained or used for any such purpose.

16.     In 2000 Congress expanded the privacy protection under the DPPA by adding a limitation on the disclosure of "highly restricted personal information" which is defined as "an individual's photograph or image, Social Security number, medical or disability information.", 18 U.S.C. §2725(4).   Pursuant to Section 2721(a), states are prohibited from disclosing "highly restricted personnel information" without the "express consent of the person to whom such information applied, except [for] uses permitted in subsections (b)(1), (b)(4), (b)(6), and (b)(9), 18 U.S.C. §2721(a)(2).   Individuals "highly restricted personal information" cannot be obtained unless the information is to be used for one of four (4) specified DPPA permitted uses:  by a government agency, 18 U.S.C. §2721(b)(1); in connection with litigation, 18 U.S.C. §2721(b)(4); by an insurer, 18 U.S.C. §2721(b)(6); and by an employer to verify information relating to a holder of a

commercial driver's license, 18 U.S.C. §2721(b)(9), none of which apply to IRB or Accurint regarding any of the Plaintiffs.

17.    The DPPA has two [2] main parts:

    a.  First, it enumerates purposes for which personal information from a motor vehicle record can be disclosed; and

    b.  Second, the DPPA creates several enforcement mechanisms.  One mechanism is a civil action against any "person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted [by the DPPA]." 18 U.S.C. § 2724(a).

18.    The DPPA prohibits any person from knowingly obtaining, disclosing, or using "personal information" and "highly restricted personal information" obtained from "motor vehicle records" 'without the individuals' express written consent or under one of the exceptions outlined in the DPPA.  The DPPA does **not** allow for disclosure of individuals' personal information for purposes **not** permitted by the DPPA. 18 U.S.C. §§ 2721 and 2725 (1994 & Supp. 2001).

19.    The DPPA also prohibits others from knowingly "obtain[ing] or disclos[ing] personal information [ ], from a motor vehicle record" for an unlawful purpose and from "mak[ing] false representation[s] to obtain any personal information from an individual's motor vehicle record." *See* 18 U.S.C. §2722(b).  Those who "knowingly obtain, disclose or use personal information, from a motor vehicle record" are "liable to the individual to whom the information pertains." *See* 18 U.S.C. §2724(a).

20.     The DPPA provides for civil remedies to individuals for violations of the act, including damages, liquidated damages, punitive damages, equitable relief, costs and attorney fees. 18 U.S.C. §2724.

21.     The Act holds third parties liable for any impermissible use or disclosure of information obtained from a driver record.  Courts have made clear that there is no requirement that a Defendant know or intend that an impermissible use will occur.

ii.     **About IRBSearch, LLC and IRB'S Acquisition of Plaintiffs Personal Information from Motor Vehicle Records:**

22.     IRB is in the business of providing to its customers information derived from motor vehicle records in return for a fee.  IRB is able to obtain driver and vehicle registration information from all fifty [50] states of the United States and from Puerto Rico, Guam and Canada by and through Accurint.  IRB obtains the motor vehicle records from Accurint pursuant to contracts it entered into with Accurint, who obtains the information pursuant to contracts it entered into with the departments of motor vehicle from each respective jurisdiction.

23.     At all times relevant to this Complaint, IRB has knowingly obtained, used and disclosed personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the Plaintiffs to whom the information pertains and/or for purposes not permitted by the DPPA.

24.     IRB has training videos for its customers that teach their customers how to best utilize IRB services and the services through Accurint.  In so doing, IRB explains

that if their client states they "do not have a permissible purpose" for the information sought that they will not be able to retrieve the information they are seeking.  IRB infers to its customers that they should instead use a permissible purpose that allows access to all information governed by the DPPA and GLBA, even if they don't have a legal entitlement and in violation of the DPPA and GLBA.

25.    At all times material to this Complaint, IRB has compiled and maintained personal information derived from motor vehicle records on Plaintiffs' and other individuals and IRB creates its own Report with the motor vehicle data obtained from Accurint, discloses it, and makes it available for use through on-line data and information warehouses, and in various digitized media.  IRB's customers pay significant amounts of money to access and use data and the information it compiles.  IRB sold  reports containing Plaintiffs private information obtained from motor vehicle records through interstate commerce.

26.    IRB publicizes itself as a provider of the most accurate and thorough reports on individuals and businesses in the industry.  IRB touts that its customers can search billions of records in a fraction of a second and IRB and Accurint provides daily source updates.

27.    IRB markets their compilations of information it creates, maintains, and distributes from various records, including Accurint who obtains it from motor vehicle departments, financial institutions and other organizations for which they are resellers, through a variety of information products.  According to IRB its databases are the most comprehensive collection of U.S. consumer data available.  IRB offers access to more

than thirty-three [33] billion data records from over seven hundred [750] different sources and promotes itself as offering the "most up-to-date information".

28.     The records IRB compiles to create the IRB database described above include "personal" and "highly personal" information derived from Motor Vehicle records, financial records, other data brokers, and governmental agencies that IRB obtains from Accurint.  IRB takes all the information and data obtained on individuals and creates person specific reports for resale.  In turn, IRB disclosed such information on the Plaintiffs and made it available to Neil Sankey, Todd Sankey and The Sankey Firm, Inc., [hereinafter at times "the Sankey's"], who were unauthorized individuals for purposes **not** permitted under the DPPA.  IRB acknowledges that the reports they sell are governed by the DPPA and the GLBA[1] and promotes that they ensure consumers privacy.

29.     The Plaintiffs consumer reports, created by IRB and sold as accurate, contained incorrect information regarding the Plaintiffs, and the reports inferred that Plaintiffs were using multiple aliases, using multiple Social Security numbers, had been convicted in several criminal cases, were on parole and other insinuations that caused Plaintiffs injuries.

30.     Moreover, the individuals, the Sankey's and IRB sold Plaintiffs confidential reports to, repeatedly published the confidential information contained in the reports online through other third parties; sent the information out to thousands of RSS

---

[1] The GLBA does **not** permit Plaintiffs a private Right of Action and instead is enforced by the Federal Trade Commission. Plaintiffs are seeking the assistance of the Federal Trade Commission for Defendants violations of the GLBA.

Feeds, posted it on hundreds of websites, repeatedly sent the private data of Plaintiffs through Email to millions of individuals and businesses including Internationally.  The Plaintiffs were portrayed as using numerous alias'; illegally using numerous Social Security numbers; living at numerous different addresses with different individuals; having long criminal records; and of being "shyster's".  In fact, Plaintiffs private data is still available online as of this date.

31.    IRB discloses that all their "comprehensive reports" contain information obtained from motor vehicle records and are governed by the DPPA.  IRB is aware the DPPA prohibits the obtainment, disclosure and use of personal information maintained by state departments of motor vehicles without authorization from the driver unless such information is obtained, disclosed or used according to a specifically enumerated "permissible use."  Or, with the written consent of the party to whom the information pertains.

32.    In order for IRB to obtain motor vehicle records; private (confidential) and/or highly private (confidential) information contained and obtained from the motor vehicle records from Accurint as to any of the Plaintiffs, IRB had to have a permitted purpose enumerated in the DPPA, 18 U.S.C. §2721(b)(1)-(14).  IRB did **not** have a permitted purpose or use to obtain any information on the Plaintiffs derived from a motor vehicle record and certainly did not have a permitted purpose to sell the information contained therein for unlawful purposes to the Sankey's and other unknown parties.

33.     IRB is aware the DPPA requires them to keep for five [5] years records reflecting the identity of persons to whom IRB has disclosed personal information and the purpose for which such information was purportedly disclosed.

34.     IRB knowingly obtained, disclosed, and used "personal information" as defined in l8 U.S.C. §2725(3), and "highly restricted personal information" as defined in 18 U.S.C. §2725(4), from motor vehicle records for unlawful purposes and purposes **not** permitted by the DPPA.

35.     IRB has violated the DPPA by knowingly obtaining, disclosing, and/or using personal information and highly restricted personal information pertaining to Plaintiffs from motor vehicle records maintained by the Departments of Motor Vehicles for purposes **not** permitted by the DPPA from March 1, 2009 to the present.

     **iii.**    **About Accurint and Accurint's Acquisition of Plaintiffs Personal Information from Motor Vehicle Records:**

36.     Accurint is in the business of providing to its customers information derived from motor vehicle records in return for a fee.  Accurint obtains driver and vehicle registration information from all fifty [50] states of the United States and from Puerto Rico, Guam and Canada pursuant to contracts it entered into with the departments of motor vehicle from each respective jurisdiction.

37.     At all times relevant to this Complaint, Accurint has knowingly obtained, used and disclosed personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the

Plaintiffs to whom the information pertains and/or for purposes **not** permitted by the DPPA.

38.     At all times material to this Complaint, Accurint has compiled and maintained personal information derived from motor vehicle records on Plaintiffs and other individuals and created its own Reports, discloses it, and makes it available for use through on-line data and information warehouses, and in various digitized media. Accurint's customers pay significant amounts of money to access and use data and the information it compiles.  Accurint sells their reports obtained from motor vehicle records through interstate commerce.

39.     Accurint offers its customers a "direct connection to over thirty-four [34] billion" current records to "Detect fraud, verify identities and to conduct investigations". Accurint also advertises that LexisNexis has a twelve [12] billion-record data repository. And states that Accurint is the "most secure investigative data platform available today and is compliant with the most current laws and policies governing data privacy".

40.     Accurint advertises their comprehensive report, purchased by IRB on each of the Plaintiffs and resold to the Sankey's who did **not** have a legal entitlement to the data, includes the information contained in Accurint's Finder report (address summary, all names associated with Social Security Numbers), information contained in Accurint's phones plus reports (unlisted and unpublished telephone and cellular numbers), Driver's license data, vehicle registration data, voter registration information, professional licenses (including DEA), associates, neighbors (associates and neighbors are provided with addresses, dates of birth, and Social Security numbers).   Properties, bankruptcies,

corporate affiliations, weapon permits, watercraft, people at work, accidents, Email addresses, sexual offenses, criminal records and other data.

41.     Accurint touts itself as "an industry leader in the responsible use of data and protection of individual privacy."

42.     Accurint markets their compilations of information it creates, maintains, and distributes from various records through a variety of information products, including from motor vehicle departments, financial institutions, governmental agencies, utility companies and other organizations.  According to Accurint, their databases are the most comprehensive collection of U.S. consumer data available.  Accurint promotes itself as offering the "most up-to-date information".

43.     The records Accurint compiles to create its database described above include personal and highly personal information Accurint obtains from State motor vehicle records, financial records, utility records, other data brokers and governmental agencies.  Accurint takes all the information and data obtained on individuals and creates person specific reports for resale.  Accurint obtained and disclosed such information for purposes not permitted by the DPPA on each of the Plaintiffs and made it available to IRB, who did **not** have a permitted purpose to obtain the information as defined by the DPPA and who resold it to unauthorized third parties, the Sankey's, for purposes **not** permitted under the DPPA.  Accurint acknowledges that their reports are governed by the DPPA and the Gramm Leach Bliley Act ["GLBA"].

44.     The Plaintiffs consumer reports, created by Accurint; sold as accurate, contained incorrect information regarding the Plaintiffs, and the reports insinuated that

Plaintiffs were using multiple aliases, using multiple Social Security numbers, had been convicted in several criminal cases, were on parole and other insinuations that caused Plaintiffs injuries.

45.     Accurint sold Plaintiffs reports governed by the DPPA to IRB, without any permitted purpose as defined by the DPPA, who in turn sold the reports to the Sankey's, without any permitted purpose as defined by the DPPA.  The Sankey's who, through themselves and other unauthorized third parties, repeatedly published the confidential information contained in the reports online through other third parties; sent the information out to thousands of RSS Feeds, posted it on hundreds of websites, repeatedly sent the private data of Plaintiffs through Email to millions of individuals and businesses including Internationally.  The Plaintiffs were portrayed as using numerous alias'; illegally using numerous Social Security numbers; living at numerous different addresses with different individuals; having long criminal records; and of being "shyster's".  In fact, Plaintiffs private data is still available online as of this date.

46.     Accurint discloses that all their "comprehensive reports" contain information obtained from motor vehicle records and are governed by the DPPA. Accurint is aware the DPPA prohibits the obtainment, disclosure and use of personal and highly restricted personal information maintained by state departments of motor vehicles without authorization from the driver unless such information is obtained, disclosed or used according to a specifically enumerated "permitted use."  Or, with the written consent of the party to whom the information pertains.

47.     Pursuant to the DPPA, Accurint would be considered an "authorized recipient" of motor vehicle records and information gathered from the States Departments of Motor Vehicles on Plaintiffs' **only** if Accurint had a permissible use under the DPPA's fourteen (14) exceptions to the general rule prohibiting obtainment and disclosure of driver's personal information, 18 U.S.C. § 2721(b).  Accurint did **not** have a permitted or permissible purpose or use to obtain Plaintiffs private and highly restricted private information from their motor vehicle records.  Only An "authorized recipient of personal information…may resell or redisclose the information **only for use permitted under subsection (b)**…", 18 U.S.C. § 2721(c) [emphasis added].  A reseller of DPPA information is mandated to maintain records for five (5) years identifying each person or entity that received the information and the permitted purpose for which the information will be used, 18 U.S.C. §2721(c).

48.     Accurint violated the DPPA by obtaining and selling reports and information on Plaintiffs derived from motor vehicle reports to IRB, who did not have a permitted purpose outlined in the DPPA to obtain the data and who sold the data to Neil Sankey, Todd Sankey and The Sankey Firm ["at times "the Sankey's"], who did not have a permitted purpose, outlined in the DPPA, to obtain the information on Plaintiffs in violation of the DPPA.

49.     Accurint also sold reports on Plaintiffs containing Plaintiffs private and highly restricted private information obtained from their (Plaintiffs) motor vehicle records to other data brokers and third parties.

50.     Accurint is aware the DPPA requires them to keep for five [5] years records reflecting the identity of persons to whom Accurint has disclosed personal information and the purpose for which such information was purportedly disclosed.  Accurint has admitted that they did **not** maintain the reports they sold on the Plaintiffs.

51.     Accurint knowingly obtained, disclosed, and used Plaintiffs "personal information" as defined in l8 U.S.C. §2725(3), and "highly restricted personal information" as defined in 18 U.S.C. §2725(4), from motor vehicle records maintained by the States Motor Vehicle Departments for unlawful purposes and purposes not permitted by the DPPA.

52.     Accurint has violated the DPPA by knowingly obtaining, disclosing, or using Plaintiffs' personal information as defined in l8 U.S.C. §2725(3), and "highly restricted personal information" as defined in 18 U.S.C. §2725(4) from Plaintiffs motor vehicle records for purposes not permitted by the DPPA from March 1, 2009 to the present.

### iv.     **IRB's Agreement with Accurint**:

53.      IRB has a standing reseller agreement with Accurint through which IRB pays a fee to Accurint to obtain personal records from department of motor vehicles throughout the United States.

54.     Pursuant to their contract, IRB designed an "interface between IRB's software and products" and Accurint's "XML gateway that allows IRB and its customers to seamlessly utilize Accurint's services and IRB is responsible for paying Accurint for all of IRB's customers searches and services conducted through Accurint.  When IRB's

customers utilize this gateway with Accurint, IRB in their training videos instructs their customers to save the searches conducted in Accurint.  This places the searches and information returned on IRB's servers and database, as a peer to peer or peer to peer hybrid network.

57. Under the agreement, IRB may run searches and obtain reports from Accurint's databases and prepare reports for resale to their customers'.

56. In the agreement, IRB is wholly responsible for all activities and costs associated with marketing, prospecting, qualifying customers, sales, sales support and contracting with the customers.

57. The agreement requires IRB and all its customers to comply with the Gramm Leach Bliley Act, 15 U.S.C. 6801, *et. seq.* and the Drivers Privacy Protection Act, 18 U.S.C. Section 2721, *et. seq.* and to ensure IRB and its customers do **not** use IRB's services to obtain reports containing Accurint's data or services for purposes not provided in the exceptions of the privacy provisions outlined in the GLBA and/or in violation of the DPPA and/or such other legislation that may be enacted.  In other words, the agreement requires IRB to warrant that they and their customers obtainment of the Accurint searches and products and the personal information contained therein will be transferred and used solely for a permissible purpose under the DPPA and GLBA.

58. The agreement requires IRB to identify each end-user and to maintain accurate and detailed records of whom it provided records and for what purpose, and to ensure compliance with the DPPA and Gramm Leach Bliley Act.

### **v.   IRB's contract with The Sankey Firm, Inc.:**

59.    The Sankey Firm, Inc. entered into a contract signed between Todd Sankey and IRB on or about August 21, 2007.

60.    The contract between The Sankey Firm, Inc. and IRB allowed The Sankey Firm, Inc.'s employees to obtain reports and information governed by the DPPA, GLBA and to obtain full Social Security numbers.

61.    Only employees of Todd Sankey and The Sankey Firm, Inc. were entitled to access IRB and Accurint's services and products through The Sankey Firm Inc.'s account.   The Contract holds that Todd Sankey and The Sankey Firm, Inc. are responsible for ensuring none of its employees granted access to the account held between IRB and The Sankey Firm, Inc. utilize the account and obtain and/or use any information from IRB services for personal reasons; not to transfer the information received through IRB services to any party except as permitted in the contract; to immediately notify IRB to deactivate a user identification number of any employee who no longer has a need to know or employees who are terminated prior to their termination date; to keep all user identification numbers confidential and prohibit the sharing of user identification numbers; The Sankey Firm was required to train all new employees and existing employees annually in regards to its account with IRB and the laws governing the data received; and to prevent unauthorized access or use of IRB services and/or data received therefrom, whether by electronic form or hard copy, by any person or entity.

19

62.    Todd Sankey obtained a log-in identification number for Neil Sankey as an Employee of The Sankey Firm, Inc. from IRB, so Neil Sankey had access to utilize The Sankey Firm, Inc.'s account with IRB.

63.    Neil Sankey utilized his log-in as an Employee of The Sankey Firm, Inc. and obtained five (5) reports each on Plaintiffs Brent Liberi and Lisa Liberi; two (2) reports each on Plaintiffs Dr. Frank Ostella and Lisa Ostella; and several on Philip J. Berg, Esquire; during the months of March, April and May 2009, without any permitted purpose in violation of the DPPA.  Neil Sankey also conducted an Accurint Search through The Sankey Firm, Inc.'s IRB account on Lisa Liberi on March 16, 2009 and obtained Lisa Liberi's private data, name, address, date of birth, old and new Social Security numbers governed and protected by the DPPA without a permitted purpose outlined in and in violation of the DPPA.  The search returned incorrect data tied to Lisa Liberi by her Social Security number and date of birth.

64.    As a result thereof IRBSearch, LLC cancelled the Sankey's account in early 2010, but failed to notify any of the Plaintiffs of the breach in their private data.

**vi.    Accurint and IRB's Disclosure of Plaintiffs Personal Information obtained from Motor Vehicle Records and governed by the DPPA:**

65.    On March 16, 2009, Neil Sankey utilizing The Sankey Firm, Inc.'s account with IRB, obtained Accurint Searches on Lisa Liberi.  Pursuant to the searches, the searches were governed by the DPPA as it provided Lisa Liberi's name, date of birth, and old and new Social Security numbers with addresses obtained from her motor vehicle records in New Mexico and California. The searches conducted by Sankey on Lisa Liberi

also contained numerous instances of incorrect information tied to Plaintiff Lisa Liberi by her Social Security number.

66.     On March 16, 2009, April 6, 2009, April 15, 2009, April 19, 2009 and May 7, 2009, Neil Sankey utilized Todd Sankey and The Sankey Firm, Inc.'s account with IRB and submitted an online request to IRB seeking personal and highly restricted personal information governed by the DPPA and GLBA on Plaintiffs Brent and Lisa Liberi based on their names.  On the same dates, IRB purchased the reports governed by the DPPA from Accurint, without a permitted purpose as defined by the DPPA, compiled reports on Mr. and Mrs. Liberi and resold the reports to the Sankey's.

67.     On April 13, 2009 and April 19, 2009, Neil Sankey utilized Todd Sankey and The Sankey Firm, Inc.'s account with IRB and submitted an online request to IRB seeking personal and highly restricted personal information governed by the DPPA and GLBA on Frank and Lisa Ostella based on their names.  On the same dates, IRB purchased the reports governed by the DPPA from Accurint, without a permitted purpose as defined by the DPPA, compiled reports on Dr. and Mrs. Ostella and resold the reports to the Sankey's.

68.     On or about May 20, 2009, and other dates, Neil Sankey utilized Todd Sankey and The Sankey Firm, Inc.'s account with IRB and submitted an online request to IRB seeking personal and highly restricted personal information governed by the DPPA and GLBA on Plaintiff Philip J. Berg, Esquire based on his name.  On the same dates, IRB purchased the reports governed by the DPPA from Accurint, without a permitted

purpose as defined by the DPPA, compiled reports on Mr. Berg, and resold the reports to the Sankey's.

### vii.    Allegations relating to Plaintiffs:

69.    In 2009, Orly Taitz, Esquire, an attorney from California, with the assistance of Defendants Neil Sankey, Todd Sankey, and The Sankey Firm, Inc., published and disseminated threats concerning Plaintiffs and their families, as well as their private identifying information.  Orly Taitz as well as her followers and supporters, at the request of Orly Taitz, *doxed*[2] Plaintiffs and their families.  The Parties personal and confidential information has been disseminated throughout the Internet, mail, 3rd party outreach, to millions of individuals and businesses, including internationally, and over radio broadcasts with call outs to followers and supporters to harm and harass the Plaintiffs.

70.    Neil Sankey utilized Todd Sankey and The Sankey Firm, Inc.'s IRB account and without any permitted purpose knowingly conducted searches on Lisa Liberi through Accurint and obtained information governed by the DPPA and knowingly obtained Plaintiffs confidential reports, including Accurint Reports from IRB governed by the DPPA to injure and harm the Plaintiffs on behalf of Orly Taitz.  Accurint has confirmed in declarations and Court documents that IRB obtained from them and

---

[2] *Doxing*: a technique of tracing someone or gathering information about an individual using sources on the internet.  Its name is derived from "Documents" or "Docx".  Doxing method is based purely on the ability of a "hacker" or individual to recognize valuable information about his target and use this information to his (the person doxing) benefit.  It is also based around the idea that, "the more you know about your target, the easier it will be to find his or her flaws".  *See* urbandictionary.com/define.php?term=doxing.

22

provided Plaintiffs confidential reports, as also admitted by IRB staff, on Plaintiffs Lisa and Brent Liberi on March 16, 2009, April 6, 2009, April 15, 2009, April 19, 2009 and May 7, 2009; on Plaintiffs Lisa and Frank Ostella on April 13, 2009 and April 19, 2009; and on Plaintiff Philip J. Berg, Esquire on or about May 20, 2009.

71.    IRB obtained the reports on each of the Plaintiffs directly from Accurint on Plaintiffs Lisa and Brent Liberi on March 16, 2009, April 6, 2009, April 15, 2009, April 19, 2009 and May 7, 2009; on Plaintiffs Lisa and Frank Ostella on April 13, 2009 and April 19, 2009; and on Plaintiff Philip J. Berg, Esquire on or about May 20, 2009, without any type of permitted purpose as defined by the DPPA.

72.    The reports obtained by IRB from Accurint and by the Sankey's from IRB contain Plaintiffs names, Social Security numbers; dates of birth; residency information – both past and present; relatives information; judgments; liens; bankruptcies; criminal records; financial data; income; credit data; unlisted phone details, including the phone carrier; confidential address information; ages; employment histories; and other private data and information obtained from Plaintiffs motor vehicle records.

73.    Plaintiff Lisa Liberi was issued a new Social Security number in 2000 and placed in the California Safe at Home Program with her husband, Plaintiff Brent Liberi and their son, as a result of being victims of stalking type crimes.  Plaintiffs Brent and Lisa Liberi and their family had a confidential address, which IRB violated and further endangered Plaintiffs Brent and Lisa Liberi and their son. *CA Government Code* § 6206.5, et seq. (Online Disclosures of Personal Information of Safe at Home Participants) protected Plaintiffs Brent and Lisa Liberi and their son from disclosure of their address

and other personal information.  Accurint and IRB also combined Plaintiff Lisa Liberi's

old and new Social Security numbers and the Sankey's shared all this private data that

they obtained from IRB through Accurint, with John Mark Allen, the perpetrator of the

crimes against Plaintiffs Brent and Lisa Liberi and their son, which placed them in the

Safe at Home Program.

74.     The confidential, private data and incorrect information explained herein,

maintained on Plaintiffs by Accurint and IRB was unlawfully obtained and sold to IRB

by Accurint and to the Sankey's by IRB who shared it with unauthorized third parties

who published the data contained in the reports repeatedly.  Based on the incorrect data

maintained on the Plaintiffs by Accurint and IRB, when the confidential private data of

Plaintiffs was publicized, it was publicized as accurate information with notations that

Plaintiffs have been committing crimes, confirmed because of the data.   IRB and

Accurint also sold these same reports to hundreds if not thousands of other data brokers,

for purposes not permitted by and in violation of the DPPA, who in turn sold to

thousands of businesses, individuals and other data brokers for purposes not permitted by

and in violation of the DPPA.

75.     Accurint and IRB are responsible and liable for all the publication and

republication of Plaintiffs private and highly restricted private data obtained from

Plaintiffs motor vehicle records and false information and every republication constitutes

a new cause of action, causing additional injuries to the Plaintiffs.  In fact, as of this date,

Plaintiffs private information and the false information is being republished daily since

the date the reports were sold as the information is maintained still on the internet and is

updated and resent out through RSS feeds, Email and the Internet daily.

76.   As a result of Accurint and IRB's illegal obtainment and disclosure and the Sankey's illegal obtainment of Plaintiffs private and highly restricted private information, Plaintiffs have suffered and continue suffering full identity theft repeatedly; they were and continue to be stalked; harassed; their lives were endangered, threatened; strange men appeared at Plaintiffs homes; Plaintiffs Frank and Lisa Ostella's pet rabbits were gutted and left for their children to find; Plaintiffs were falsely accused of crimes; Plaintiffs lost their business clientele; endangerment; Plaintiff Lisa Liberi suffered cardiac complications and other health complications requiring numerous paramedic visits and hospitalization; Plaintiffs Frank and Lisa Ostella took a substantial loss on their property when they were forced to sell it and move in a hurry to protect their family; Plaintiff Brent Liberi lost time off work; Plaintiffs have been defamed and defamed by innuendo all over the Internet as a result of the incorrect data contained in the reports sold by Accurint and IRB; their privacy was invaded; and several of their damages are permanent, e.g. identity theft as a result of their confidential and highly confidential data being published all over the internet, sent by mass Email to millions of individuals and businesses, including Internationally; and Plaintiffs will never be able to get their private data and the incorrect data off the internet as Accurint and IRB sold and sells Plaintiffs reports governed by the DPPA, for purposes **not** permitted by the DPPA, to other data brokers and through hundreds of websites, who in turn sell to hundreds of other entities, businesses and individuals, for purposes **not** permitted by the DPPA that has created a pyramid effect.

77.     In 2010 Plaintiffs learned the reports sold on them originated with Accurint. Mr. Berg, counsel for the Plaintiffs communicated with Accurint in February, March, April and May 2010.  During these discussions, Accurint hid from Plaintiffs the fact they obtained Plaintiffs private and highly restricted private information from Plaintiffs Motor Vehicle Reports and sold the reports to IRB who resold the reports to the Sankey's and the fact the reports were governed by the DPPA and GLBA.   Based on these conversations, Plaintiffs were under the impression that Accurint was governed by the Fair Credit Reporting Act ["FCRA"] and sued Accurint for FCRA violations.  The FCRA violations were dismissed against Accurint as it was determined that Accurint's reports were not governed by the FCRA.

78.     Plaintiffs learned IRB was who sold Plaintiffs reports to the Sankey's at the end of March 2012 when Plaintiffs received Accurint's discovery responses, this was the first time Plaintiffs had ever heard of IRB.   Plaintiffs learned that said reports were governed by the DPPA and GLBA in April 2012.  On April 3, 2012, Plaintiffs' Attorney, Philip J. Berg, Esquire sent a letter to IRB outlining all the incorrect data, the breach of Plaintiffs data, and the damages the Plaintiffs suffered as a result thereof and a demand for copies of all reports sold on the Plaintiffs.   To date, IRB has **never** responded to counsel's letter.

79.     On April 3, 2012, Plaintiff Lisa Liberi, Intern Paralegal for Philip J. Berg, Esquire returned the call of Melissa Parker with IRBsearch, LLC at (800) 447-2112, ext. 1109 on behalf of the Law Offices of Philip J. Berg.  Ms. Parker admitted the Sankey's obtained Plaintiffs reports without any type of legal entitlement.  Ms. Parker admitted

that the Sankey's account had been revoked in early 2010 due to a data breach, and as a result thereof was expecting a call from Plaintiffs and/or their counsel.  Ms. Parker admitted IRB never notified any of the Plaintiffs of the breach by the Sankey's, but stated that IRB had notified Accurint of the breach and stated Accurint was also investigating the breach.  Ms. Parker stated investigations had been initiated.  Ms. Parker instructed Plaintiffs' attorney to furnish a Subpoena for copies of any and all reports, and other information pertaining to the Plaintiffs.  Plaintiffs' counsel sent a Subpoena to IRB on April 3, 2012 as instructed by Ms. Parker.  Ms. Parker assured Plaintiff Lisa Liberi that counsel for the Plaintiffs would receive a response back from IRB to their letter.

80.    On April 22, 2012, Mr. Berg received objections pursuant to *Fed. R. Civ. P.* 45 from IRB to the Subpoena served by Plaintiffs for copies of their reports and other data.

81.    As previously stated, to date, neither Plaintiffs nor their counsel have ever received any type of response to their letter of April 3, 2012 from IRB.

82.    In March 2012, Accurint admitted that they did **not** maintain copies of the reports sold on any of the Plaintiffs in violation of the DPPA and to date, although demanded, Accurint has refused to provide Plaintiffs or their counsel copies of the reports sold on them.

83.    Neither Accurint nor IRB required or received Plaintiffs affirmative written consent prior to obtaining, disclosing and using personal and highly restricted personal information relating to Plaintiffs obtained from their motor vehicle records.

84.    The Accurint and IRB reports sold on Plaintiffs contain numerous incorrect

information inferred as belonging to and being utilized by Plaintiffs.

85.    The incorrect information Accurint and IRB placed in reports specific to Plaintiffs, include but is **not** limited to:

**A.    Plaintiffs – Lisa M. Ostella and Frank M. Ostella:**

Names **never** used by or belonged to Lisa Ostella, but associated to Lisa Ostella by her actual date of birth and Social Security number inferring these incorrect names are alias' of Plaintiff Lisa Ostella.  The incorrect names include, but are **not** limited to:

      Johnnie A. Privott;
      Cheryl Johnson; and
      Mceela Arredondo.

      Incorrect Address Information:      66 White Hors, Normandy Beach, NJ
      Incorrect Criminal Case Information:      Dallas, Texas
                        Offense:   Assault Cont –TX
                        File date:  09/23/1987
                        Case No.  M87C4838

Lisa Ostella has **never** been arrested for or charged with any crime.

Incorrect birthdate; and other private identifying information.

The reports sold on Frank M. Ostella contain the same wrong names, dates of birth, addresses, etc., inferring Frank M. Ostella is using these names and incorrect information fraudulently.  Plaintiff Frank M. Ostella's reports are showing him having medical offices in Canada, a criminal report and misusing his DEA license, all of which is associated to Plaintiff Frank M. Ostella by his actual date of birth and Social Security number.  Dr. Ostella has **never** been arrested for or charged with any crime and does not maintain offices in Canada.

81.     All the incorrect information, outlined above, appearing in Plaintiff Lisa Ostella's reports are also appearing in her husband, Plaintiffs Frank Ostella's reports and all of the incorrect information in Plaintiff Frank Ostella's reports are also showing in his wife, Plaintiff Lisa Ostella's reports.

**B.     Plaintiffs Lisa Liberi and Brent Liberi:**

Incorrect names **never** used by or belonged to Lisa Liberi, but associated to Lisa Liberi by her accurate date of birth, Social Security number and address with the inference that this list of names are alias' of Plaintiff Lisa Liberi.  These names include, but are **not** limited to:

> Lisa A. Liberi;
> Lisa R. Courville-Richardson;
> Lisa R. Courvillerichar;
> Lisa Reynolds;
> Lisa O. Courville;
> Lisa O. Courville Richardson;
> Lisa Courviller;
> Lisa Richardson Courville;
> L Richardson Courville;
> L Courville Richardso;
> L.R. Reynolds;
> Lisa Courricharcourri;
> Lisa R. Courvillerichar;
> Lisa R. CourvilleRichard;
> Lisa R. Courvillerichards;
> Lisa R. Courvillerichardso;
> Lisa R. Libert;
> L. Liberia;
> Lisa R. Liveri;
> Lisa R. Marshall;
> Lisa Rich;
> Lisa C. Richardson;
> Lisa R. Morris;
> Nicki Odem;
> Eloisa Morales;

Lisa Renee Liberi;
Lisa C. Richardson;
Eloisa Becerra Morales; and
Lisa Corvillericher.

Nine [9] incorrect Social Security numbers and two [2] incorrect dates of birth, never used by Plaintiff Lisa Liberi, associated to Lisa Liberi by her accurate date of birth, address and actual Social Security number with the inference Plaintiff Lisa Liberi is fraudulently using "bogus" Social Security numbers and dates of birth.

Incorrect addresses **never** used by Plaintiff Lisa Liberi, but associated to Plaintiff Lisa Liberi by her actual Social Security number and date of birth.  These addresses include, but are **not** limited to:

9999   Willow Creek Rd, San Diego, CA 92131
6022   Mira Vista Ln, Fontana, CA 92336-5806
920    S. Village Oaks Dr., Covina, CA 91724-3605
11338 Kenyan B 119 WA, Rancho Cucamonga, CA 91701;
26371 Paloma Apt 156, Foothill Ranch, CA 92610
1129   Headingly Ave. NW, Albuquerque, NM 87107;
7200   Pazallo Pl, Alta Loma, CA 91701;
7150   Smiling Wood Ln Apt 705, Houston, TX 77086-3140;
7100   Smiling Wood LN Apt 507, Houston, Texas 77086-3140;
12777 Ahsford, Houston, Texas;
7100   Smiling Wood Ln Apt 706, Houston, Texas 77086-3150;
11338 Kenyon Way Ste A, Rancho Cucamonga, CA 91701-
11338 Kenyon Way Ste B-119, Rancho Cucamonga, CA 91701-9236;
Pozallo Pl 7020, Alta Loma, CA 91701;
11338 Kenyon Way Ste B, Rancho Cucamonga, CA 91701-9236;
40 Bonito Court, Santa Fe, NM 87508-8311;
1704   Llano St Ste B, Santa Fe, NM 87505-5415;
7349   Milliken Ave., Bldg. 1, Rancho Cucamonga, CA 91730-7435;
1704   B LLA NO ST 159, Santa Fe, NM 87505;
1704   Llano St Apt 159, Santa Fe, NM 87505-5415; and
159 1704   B Llano St, Santa Fe, NM 87505

**Incorrect and outdated judgments and bankruptcies, including but "not" limited to:**

> Chapter 13 BK filed 11/30/2000 Case No. 0027288
> Chapter  7 BK filed 12/12/2001 Case No. 0112042
> Chapter  7 BK filed 06/02/1993 Case No. 9318163
> Forcible Entry filed 05/17/2001 Case No. 134193
> Small Claims Judgment filed 4/18/2001 Case No. 29409
> Civil Judgment filed 9/01/2000   Case No. RCCI47798 Amt. $7,348
> Civil Judgment filed 9/01/2000   Case No. RCCI47798 Amt. $8,430
> Small Claims Judgment filed 5/08/2000 Case No. 00S00403
> Civil Judgment filed 4/19/2000   Case No. RCCI45728
> Small Claims Judgment filed 9/01/1998 Case No. 17298
> Small Claims Judgment filed 3/07/1994 Case No. 120009
> Small Claims Judgment filed 8/10/1993 Case No. 116860

**Incorrect Criminal Case Information:**     San Bernardino County, CA
> This incorrect information is listed        Case No.  FSB044914
> repeatedly on the comprehensive             File Date:  06/30/2004
> background Report.
>
> This is an infraction (Ticket) **not** a    Case No.  030202LL
> criminal record or criminal case.           File Date:  03/21/2002

Incorrect names associated to Brent Liberi by his accurate date of birth and Social

Security number, with the inference that Brent Liberi is using these alias' names:

> Brent J. Libert;
> Brent J. McCormick;
> Brent J. McCormack;
> Brent Libert; and
> Cormac BMC.

One [1] incorrect Social Security number and two [2] incorrect dates of birth, never used

by Plaintiff Brent Liberi, associated to Brent Liberi by his actual date of birth, address

and actual Social Security number, with the inference Plaintiff Brent Liberi is

fraudulently using these identities.

82.     All the incorrect information, outlined above, appearing in Plaintiffs Lisa Liberi's reports are also appearing in her husband, Plaintiffs Brent Liberi's reports and all of the incorrect information in Plaintiff Brent Liberi's reports are also showing in his wife's reports, Plaintiffs Lisa Liberi.

### C.     Plaintiff Philip J. Berg, Esquire:

The reports sold on Philip J. Berg, Esquire contain wrong names, alias', dates of birth, addresses, incorrect and wrong business associates, etc., inferring Philip J. Berg, Esquire is using these names and incorrect information fraudulently.  Plaintiff Philip J. Berg, Esquire's reports show domain (websites) and business names owned by Mr. Berg, which is inaccurate, appearing as if Mr. Berg is involved in fraudulent activities, all of which is associated to Plaintiff Philip J. Berg, Esquire by his actual date of birth and Social Security number.

83.     All of the incorrect information outlined above in Plaintiffs Lisa Ostella, Lisa Liberi, Frank Ostella, Brent Liberi and Philip J. Berg, Esquire's reports have been sold and uploaded to Accurint and IRB's resellers, affiliates, customers, other data-brokers, government agencies, etc., and are continually resold.  There is no way to pull these inaccurate reports from all that obtained it for resale purposes and no way to retract this incorrect information.

84.     Based on the foregoing, Accurint and IRB have knowingly obtained, disclosed and used personal and highly restricted personal information pertaining to Plaintiffs for purposes not permitted by the DPPA.  IRB has further disclosed and sold Plaintiffs personal and highly restricted personal information derived from Plaintiffs

Motor Vehicle Records, obtained from Accurint, to the Sankey's and other unauthorized third parties who repeatedly published the data contained in the reports all over the Internet, through mass Email to millions of individuals and businesses, including Internationally, without any of the Plaintiffs express written consent or permitted purpose defined by the DPPA. Accurint and IRB failed to verify any type of permissible purpose or legal entitlement the Sankey's may have asserted to assure they were entitled to Plaintiffs private reports. Accurint and  IRB are thereby liable to Plaintiffs for damages, equitable relief, punitive damages, attorney fees and costs pursuant to 18 U.S.C. §2724.

85.     Plaintiffs have been damaged and are entitled to damages and/or liquidated damages under the DPPA and other torts, including special damages, actual damages, statutory and punitive damages.  Such acts and conduct have aggrieved and caused irreparable harm to Plaintiffs, and unless enjoined by the Court, Plaintiffs and future individuals will continue to be aggrieved by Accurint and IRB's violations of the DPPA and privacy laws.

**COUNT ONE**
**AGAINST ALL DEFENDANTS**
**VIOLATION of the DRIVER'S PRIVACY PROTECTION ACT**
**(18 U.S.C. §2721, *et. seq.*)**

86.     Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as if the same were set forth here at length.

87.     At all times mentioned herein, each of the Plaintiffs has and had "personal information" and "highly restricted personal information" in "motor vehicle records"

maintained by their States Motor Vehicle Departments, within the meaning of 18 U.S.C. §2725.

88.     This Court has jurisdiction to declare the rights and other legal relations of the parties as to whether the policies, procedures, practices and acts of Defendants described above, have violated, and will continue to violate, the rights of Plaintiffs provided to them by the DPPA.

89.     Accurint, without a permitted use or purpose as defined by the DPPA, illegally obtained Plaintiffs private and highly restricted personal information from the Plaintiffs State motor vehicle records in Pennsylvania, California, New Mexico, New Jersey and North Carolina.   And, without consent from the Plaintiffs and without a permitted use or purpose resold Plaintiffs private and highly restricted personal information obtained from their (Plaintiffs) motor vehicle records to unauthorized third parties, including IRB, for purposes not permitted by the DPPA.

90.     IRB, knowingly used unlawful and improper access to motor vehicle information from Accurint, as a pattern of conduct, to obtain private and highly restricted personal information contained in Plaintiffs motor vehicle records on at least five [5] different occasions and willfully resold the data unlawfully on at least five [5] separate occasions to the Sankey's on Plaintiffs Brent and Lisa Liberi; on at least two [2] separate occasions on Plaintiffs Frank and Lisa Ostella; and on at least one [1] occasion on Philip J. Berg, Esquire in violation of the DPPA as explained hereinabove.

91.     The Sankey's, without a permitted purpose as defined by and in violation of the DPPA, knowingly obtained, used and disclosed Plaintiffs private and highly restricted

private information obtained from their (Plaintiffs)Driver's Motor Vehicle Records from IRB and Accurint on at least five [5] different occasions on Lisa Liberi; five [5] different occasions on Brent Liberi; two [2] separate occasions on Lisa Ostella; two [2] separate occasions on Dr. Frank M. Ostella; several different occasions on Philip J. Berg, Esquire; and conducted a search through Accurint obtaining private information gleaned from Plaintiff Lisa Liberi's motor vehicle records on at least one [1] occasion directly from Accurint.  None of the Sankey's had any type of legal or permitted purpose outlined in the DPPA to obtain the reports on Plaintiffs containing information obtained from their motor vehicle records in violation of the DPPA, 18 U.S.C. §2722(a) and (b).

92.    The Sankey's illegally shared Plaintiffs private and highly restricted personal information from the reports derived from Accurint and IRB with additional unauthorized third parties in violation of the DPPA.  The Sankey's published on public forums on the Internet, through mass Emailing, on radio and TV shows, through RSS feeds and other means by and through themselves and other third parties all of Plaintiffs private information obtained from Plaintiffs motor vehicle reports and false information and allegations contained in the reports sold to the Sankey's by Accurint and IRB repeatedly from on or about April 17, 2009, and as of this date, Plaintiffs' private information is still being republished daily, in violation of the DPPA.

93.    Both Accurint and IRB sell and sold Plaintiffs reports governed by the DPPA to other data brokers who did not have permissible purposed as defined in the DPPA to obtain Plaintiffs information and for purposes not permitted by the DPPA, who in turn sold to other data brokers, businesses, and other third parties on the internet to

anyone with a credit card in further violation of the DPPA

94.     Defendants have committed numerous violations of the DPPA by knowingly obtaining, disclosing and using Plaintiffs personal and highly restricted personal information from motor vehicle records without Plaintiffs consent and for purposes **not** permitted by the DPPA in violation of the DPPA.

95.     Defendants Accurint and IRB disclose on their websites that the comprehensive reports they sell contain DPPA data, and fall within the DPPA guidelines and laws.  Without a permitted purpose as defined by the DPPA and without any type of verification to ensure the information is for a legal purpose defined by and as required by the DPPA, IRB obtained Plaintiffs private and highly personal identifying information obtained from their (Plaintiffs) Motor Vehicle Records from Accurint and resold it to the Sankey's and other unauthorized third parties for purposes not permitted by the DPPA for a fee through interstate commerce.  Unless restrained and enjoined by this Court, Defendants Accurint, IRB and the Sankey's will continue to unlawfully obtain, disclose and use Plaintiffs confidential and personal information and invade their privacy to their (Plaintiffs) substantial detriment.

96.     As a direct and proximate result of Defendants conduct set forth above, Plaintiffs have suffered damages and are entitled to recover the damages available under the DPPA, plus costs and attorney fees as provided for by 18 U.S.C. §2724(b) of the DPPA.

97.     Defendants' actions as described herein were willful and in reckless disregard of the laws in that Defendants knew it was unlawful to access, disclose, obtain

and/or use Plaintiffs personal and highly restricted personal information from non-public motor vehicle records, in violation of the DPPA.  Defendants Accurint and IRB were fully aware that they had the duty to insure their customers maintained a legal entitlement to the confidential, private DPPA information and data as required by the DPPA prior to the sale of the DPPA information.  The Sankey's were fully aware they did not have any type of legal entitlement or permitted purpose as outlined in the DPPA to obtain Plaintiffs private and highly restricted private data gleaned from Plaintiffs driver records, publish it and share it with other unauthorized third parties.  Regardless, Defendants IRB, Accurint and the Sankey have failed to follow and uphold the laws.  Accordingly, Plaintiffs are entitled to punitive damages pursuant to 18 U.S.C. §2724(b)(2).

**COUNT TWO**
**AGAINST DEFENDANTS ACCURINT and IRBSEARCH, LLC**
**DEFAMATION**

98.     Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as if the same were set forth here at length.

99.     The information maintained in the background consumer and comprehensive reports on Plaintiffs, created and sold by Defendants Accurint and IRB, contained untruthful and false information, including names, addresses, dates of birth, Social Security numbers, criminal data, credit data and other private information.  This wrong information sold as accurate by Accurint and IRB, created the false implication that Plaintiffs were using numerous alias'; unlawfully using different Social Security numbers and dates of birth; that Plaintiffs had extensive criminal records; that Plaintiffs were stealing others identities; and other unlawful activities, none of which was true.

100.    Defendants Accurint and IRB on their website, as explained hereinabove, claim to have the most accurate and comprehensive data on all individuals.  Those who purchase the reports believe that all information contained therein is true and accurate, as the parties who purchased the reports on Plaintiffs.

101.    Accurint published the inaccurate and false information to IRB, who published the inaccurate and false information to Neil Sankey by and through Todd Sankey and The Sankey Firm, Inc.'s accounts who further disclosed it to other third parties.

102.    The confidential, private and highly restricted personal data and incorrect information explained hereinabove, maintained on Plaintiffs by Accurint and IRB was unlawfully sold and published by third parties all over the Internet repeatedly, repeatedly sent through mass Emailing, repeatedly discussed on radio shows, and other publications, and repeatedly sent Internationally.  Based on the incorrect data maintained on the Plaintiffs by IRB, when the confidential private and highly restricted personal data of Plaintiffs was publicized, it was publicized as accurate information with notations that Plaintiffs have been committing crimes because of the data.

103.    Defendants Accurint and IRB are responsible and liable for all the republication of Plaintiffs private and highly restricted private data and false information resulting in Defamation and every republication constitutes a new publication and a new cause of action, causing additional injuries to the Plaintiffs, for which Accurint and IRB are liable.  In fact, as of this date, Plaintiffs private information and the false information is being republished daily since the date the reports were sold as the information is

38

maintained still on the internet and is updated and resent out through the Internet daily.

104.    As a result, Plaintiffs have suffered and continue suffering serious injuries and harm as a direct and proximate result of the publications of Plaintiffs confidential private and highly restricted personal information; false information contained and maintained in the reports created and sold by Accurint and IRB; and sale of Plainitffs private and highly restricted personal data.   Plaintiffs were and are still threatened, harassed, stalked, people showed up at their homes, family pets were killed, false law enforcement reports were made against Plaintiffs, Plaintiffs identities were stolen, Plaintiffs have lost their business relationships, their customers, clientele; Plaintiff Lisa Liberi suffered medical complications, Plaintiffs Frank and Lisa Ostella took a substantial loss on their property when they were forced to sell it and move in a hurry to protect their family; loss of work; and many other serious permanent damages.

105.    As a direct and proximate result of the defamatory publications referred to herein, Plaintiffs have suffered from anxiety, emotional distress and depression and Plaintiffs have been exposed to hatred, ridicule and contempt.   The defamation against Plaintiffs have lowered Plaintiffs esteem of their peers and friends, caused them to be shunned, and injured them in their business and calling.   Plaintiffs continue to sustain the aforementioned injuries due to the ongoing widespread dissemination of IRB's falsehoods through mass Emailing; continued publication on the Internet and World Wide Web; and through media outlets.

106.    Accurint and IRB were not privileged to make the erroneous and inflammatory disclosures concerning the Plaintiffs to any parties.

107.   Accurint and IRB's acts as described herein were reckless, willful, malicious and so extreme and outrageous as to warrant the imposition of punitive damages.

## COUNT THREE
## AGAINST DEFENDANTS ACCURINT and IRBSEARCH, LLC
## DEFAMATION by INNUENDO

108.   Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as if the same were set forth here at length.

109.   The false and incorrect information Accurint and IRB maintained, created and sold in their consumer comprehensive reports on Plaintiffs were defamatory by innuendo in that the incorrect and false information are reasonably susceptible to defamatory meaning, namely that Plaintiffs are untrustworthy, were criminals, were using multiple alias', Social Security numbers and dates of birth to commit crimes, were identity thieves, had lengthy criminal records, failed to pay their bills, and that Plaintiffs were conspiring and working together to harm others.

110.   The publications containing Plaintiffs private and confidential information and the false data, published by Accurint to IRB and IRB to Neil Sankey by and through Todd Sankey and The Sankey Firm, Inc.'s IRB Account, who along with Orly Taitz and other third parties published the data all over the internet and World Wide Web, by mass Emailing, postal delivery, communicated through radio and television appearances, sent out as press releases, and other forms of publication, still accessible to third parties on countless websites.  Accurint and IRB are still to this date selling Plaintiffs private confidential information with the false data by and through hundreds, if not thousands of

other data brokers, affiliates, resellers, etc. who in turn sell to an unknown amount of individuals and businesses.

111.   Accurint and IRB are responsible and liable for all the republication of Plaintiffs private and highly restricted personal data and false information resulting in Defamation by innuendo and every republication constitutes a new publication and cause of action, causing additional injuries to the Plaintiffs, for which Accurint and IRB are liable.  In fact, as of this date, Plaintiffs private information and the false information is being republished daily since the date the reports were sold as the information is maintained still on the internet and is updated and resent out through RSS feeds and the Internet daily.

112.   Any and all audiences or individuals on the Internet and viewers of the subsequent publications understood the defamatory (i.e. criminal, loathsome, immoral) meaning of the erroneous, inflammatory information concerning Plaintiffs and understood such meaning to be applied to each Plaintiff.

113.   As a result, Plaintiffs have suffered serious injuries and harm as a direct and proximate result of the publications of Plaintiffs confidential private and highly restricted personal information; false information contained and maintained in the reports created and sold by Accurint and IRB; and sale of their private and highly restricted personal data.  Plaintiffs were threatened, harassed, stalked, people showed up at their homes, family pets were killed, false law enforcement reports were made against Plaintiffs, Plaintiffs identities were stolen, Plaintiffs have lost their business relationships, their customers, clientele; Plaintiff Lisa Liberi suffered medical complications, and many other

serious damages.

114.   As a direct and proximate result of the defamatory publications referred to herein, Plaintiffs have suffered from anxiety, emotional distress, and depression and Plaintiffs have been exposed to hatred, ridicule and contempt.  The defamation against Plaintiffs have lowered Plaintiffs esteem of their peers and friends, caused them to be shunned, and injured them in their business and calling.  Plaintiffs continue to sustain the aforementioned injuries due to the ongoing widespread dissemination of IRB's falsehoods through mass Emailing; continued publication/republication on the Internet and World Wide Web; and through media outlets.

115.   Accurint and IRB were not privileged to make the erroneous and inflammatory disclosures concerning the Plaintiffs to any parties.

116.   Accurint and IRB's acts as described herein were reckless, willful, malicious and so extreme and outrageous as to warrant the imposition of punitive damages.

**COUNT FOUR**
**AGAINST DEFENDANTS ACCURINT and IRBSEARCH, LLC**
**VIOLATION of the CALIFORNIA INFORMATION PRACTICES ACT,**
**CALIFORNIA CIVIL CODE §1798, *et. seq.***

117.   Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as if the same were set forth here at length.

118.   *Cal. Civ. Code* §1798.53 states in pertinent part:

"Any person, other than an employee of the state or of a local government agency acting solely in his or her official capacity, who intentionally discloses information, not otherwise public, which they know or should reasonably know was obtained from personal information maintained by a

state agency or from "records" within a "system of records" (as these terms are defined in the Federal Privacy Act of 1974 (P. L. 93-579; 5 U.S.C. 552a)) maintained by a federal government agency, shall be subject to a civil action, for invasion of privacy, by the individual to whom the information pertains."

119.    Plaintiffs at all times have legally protected privacy interests in their confidential credit, financial, primary identification, including but not limited to their names, addresses, Social Security numbers, dates of birth and other private data and reasonable expectations of privacy in such information.  The right to privacy, codified at *Cal. Civ. Code* §1798.53 vests Plaintiffs with protection from the unlawful access, disclosure and distribution of such sensitive information.

120.    Plaintiffs Brent and Lisa Liberi had an expectation of their residency address staying confidential.  Plaintiffs Brent and Lisa Liberi did **not** own real estate and therefore, their physical address was never public.  Despite this, Defendants illegally obtained and sold the Liberi's home address and it was further distributed to over a million individuals and businesses.

121.    As alleged herein, Defendants Accurint and  IRB violated Plaintiffs privacy rights and *Cal. Civ. Code* §1798.53 by intentionally illegally and willfully accessing, disclosing, selling and distributing Plaintiffs privileged primary identifying and highly restricted personal information, and other confidential information, outlined in the preceding paragraphs, which Defendants admit was obtained from personal and highly restricted personal information obtained from State Motor Vehicle Records and maintained by State and Federal agencies, to unauthorized third parties.  Defendant IRB

willfully obtained from Accurint, without a permitted purpose in violation of the DPPA and intentionally disclosed Plaintiffs personal and highly restricted personal information without Plainitffs knowledge or consent and also in violation of the DPPA. The unauthorized access, disclosure and distribution of such private and highly restricted personal data and information are offensive and objectionable to a reasonable person of ordinary sensibilities.

122.   Plaintiffs' private and highly restricted personal information, obtained from Accurint by IRB and resold to the Sankey's, has been and continues being republished daily. Accurint and IRB are responsible and liable for all the republication of Plaintiffs private data and every republication constitutes a new publication and cause of action, causing additional injuries to the Plaintiffs, for which Accurint and IRB are liable. In fact, as of this date, Plaintiffs private and highly restricted personal information is being republished daily since the date the reports were sold as the information is maintained still on the internet and is updated and resent out through RSS feeds and the Internet daily.

123.   As a result of Defendants unlawful conduct, the privacy right of Plaintiffs have been violated in excess of a million times, and Plaintiffs have suffered and continue suffering severe damages and emotional distress, and have been injured and damaged as a result thereof.

124.   Defendants Accurint and IRB's unlawful conduct as alleged herein was willful, intentional, oppressive and malicious; therefore Plaintiffs are entitled to civil

penalties and exemplary damages pursuant to *Cal. Civ. Code* §1798.53, in addition to the other damages outlined hereinabove.

125.    As a direct and proximate result of the conduct alleged herein, Plaintiffs seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the unlawful disclosure of their credit reports and personal information to unauthorized third parties.  Plaintiffs also seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## COUNT FIVE
## AGAINST DEFENDANTS ACCURINT and IRBSEARCH, LLC
## VIOLATION of the CALIFORNIA INFORMATION PRACTICES ACT,
## CALIFORNIA CIVIL CODE §1798.85

126.    Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as if the same were set forth here at length.

127.    *Cal. Civ. Code* §1798.85 states in pertinent part:

"(a) Except as provided in this section, a person or entity may not do any of the following: (1) Publicly post or publicly display in any manner an individual's social security number.  "Publicly post" or "publicly display" means to intentionally communicate or otherwise make available to the general public."

128.    At all relevant times, Defendants Accurint and IRB used their business practices of accessing private personal information governed by the California Information Practices Act and the DPPA without a permissible purpose, legal basis, authorization and/or consent.

129.    At all relevant times, Defendants Accurint and IRB failed to conform their practices to the requirements of *Cal. Civ. Code* §1798.85 and DPPA.

130.    Plaintiffs have and had a strong expectation of privacy and a privacy interest in their personal identifying and highly restricted personal information contained in their motor vehicle reports, credit reports and with State and Federal Agencies, including their Social Security numbers.

131.    At all relevant times, Plaintiffs believed their private confidential and highly restricted personal data contained in their motor vehicle reports including but not limited to their name, address, date of birth, Social Security numbers, mother's maiden names, places of birth and other private data was maintained confidential in the State and Federal agencies, businesses and companies who maintained the information.  Plaintiffs expected all their private and highly restricted personal data outlined herein would remain at all times confidential and private.  At **no** time did Plaintiffs give Accurint, IRB, or any third party permission to obtain and/or access their private and highly restricted personal data, nor did Accurint, IRB or any third party have a permissible purpose or any type of a legal basis to obtain said private data.

132.    Additionally, and of equal violation of the California Information Practices Act, *Cal. Civ. Code* §1798.85, Accurint and IRB aided, agreed with and conspired with the Sankey's in which they sold Plaintiffs private and highly restricted personal data to unlawfully do, or permit, or cause to be done all the acts complained of herein.

133.    All the private, highly restricted personal data and primary identification information of Plaintiffs, outlined hereinabove were intentionally published and

promoted by Accurint and IRB by and through Neil Sankey and The Sankey Firm, Inc. through Todd Sankey with malice, gross negligence and with reckless disregard as to the damages it would cause Plaintiffs. The tortuous acts complained of herein were committed, in part, in the Eastern District of Pennsylvania, the Central District of California, New Mexico, New Jersey, North Carolina and elsewhere, and Plaintiffs sustained injury in said jurisdictions and others as a result of these tortious acts.

134. Plaintiffs' private and highly restricted personal information, obtained from Accurint by IRB and from IRB by the Sankey's, has been and continues being republished by the Sankey's, Taitz, and other third parties. Accurint and IRB are responsible and liable for all the republication of Plaintiffs private data and every new republication constitutes a publication and new cause of action, causing additional injuries to the Plaintiffs, for which Accurint and IRB are liable. In fact, as of this date, Plaintiffs private information is being republished daily since the date the reports were sold as the information is maintained still on the internet and is updated and resent out through RSS feeds and the Internet daily.

135. As alleged herein, Accurint and IRB violated Plaintiffs privacy rights and *Cal. Civ. Code* §1798.85 by intentionally accessing, disclosing and distributing Plaintiffs privileged confidential private and highly restricted personal data contained in and obtained from Plaintiffs motor vehicle reports which Accurint and IRB knew was obtained from motor vehicle records and maintained by state and/or federal agencies, to unauthorized third parties. Accurint and IRB intentionally and willfully disclosed Plaintiffs personal and highly restricted personal information without their knowledge or

consent.  The unauthorized access, disclosure and distribution of such private data and information are offensive and objectionable to a reasonable person of ordinary sensibilities.

136.   As a result of Defendants' unlawful conduct, the privacy rights of Plaintiffs have been violated, and Plaintiffs have been injured and damaged as a result thereof.

137.   Unless restrained and enjoined pursuant to *Cal. Civ. Code* §1798.84(e), Defendants will continue to commit such acts.

138.   As a direct result, Accurint and IRB are liable to Plaintiffs Brent Liberi, Lisa Liberi, Frank Ostella, Lisa Ostella and Philip J. Berg, Esquire, in addition to all other reliefs, a civil penalty pursuant to *Cal. Civ. Code* §1798.84. *Cal. Civ. Code* §1798.84,

139.   Accurint and IRB violated *Cal. Civ. Code* §1798.85 in excess of a million times.  Thus, Defendants are indebted to Plaintiffs for civil penalties set forth in California Civil Code §1798.84, which is cumulative to each and other penalty, damages, and any other rights and remedies available under the law.

140.   As a direct and proximate result of the conduct alleged herein, Plaintiffs seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the unlawful disclosure of their reports and personal information to unauthorized third parties.  Plaintiffs also seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

**COUNT SIX**
**AGAINST DEFENDANTS ACCURINT and IRBSEARCH, LLC**
**INVASION of PRIVACY**

141.   Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as if the same were set forth here at length.

142.   Accurint and IRB intentionally and willfully obtained Plaintiffs private and highly confidential information from their motor vehicle reports maintained by the Department of Motor Vehicles in California, New Mexico, New Jersey, North Carolina and Pennsylvania and resold Plaintiffs private and highly restricted personal information of Plaintiffs to third parties in violation of the DPPA and California Information Practices Act.  IRB who purchased the data from Accurint did not have a permitted or permissible purpose to obtain the information as outlined in the DPPA and IRB sold Plaintiffs private and highly restricted personal information to the Sankey's who did not have permissible purposes or any legal entitlement to obtain the information as outlined in the DPPA.

143.   The reports sold on Plaintiffs by Accurint and IRB were created by Accurint and IRB from information obtained from Plaintiffs motor vehicle reports as well as other non-public records and information and sold to third parties through interstate commerce for a fee.

144.   In turn the third parties, and others the reports of Plaintiffs were supplied to, published Plaintiffs private and highly restricted personal identifying information, i.e., names, addresses, Social Security numbers, dates of birth and other private information all over the Internet and World Wide Web repeatedly; sent it by mass Emailing, including Internationally, repeatedly and Plaintiffs private and highly restricted personal

information is still available online today.  Millions of individuals and businesses have received and obtained Plaintiffs private data taken from their motor vehicle reports.

145.   Accurint and IRB are responsible and liable for each publication and republication.  Each republication acts as a new publication and constitutes a new cause of action, causing additional injuries to the Plaintiffs, for which Accurint and IRB are liable.

146.   Accurint and IRB intentionally violated the Plaintiffs Privacy by intruding upon Plaintiffs solitude, seclusion and private affairs; Public Disclosure of Private Facts; False Light Invasion of Privacy; Appropriation of name and like by obtaining Plaintiffs private and highly restricted personal information from their (Plaintiffs) motor vehicle records, without a permitted purpose; creating reports from Plaintiffs private and highly restricted personal information and included incorrect data; i.e. names, addresses, dates of birth, Social Security numbers, criminal convictions, etc., and stated it was being used by Plaintiffs; and selling the reports for a profit to third parties in violation of the DPPA.

147.   Defendants Accurint and IRB invaded Plaintiffs privacy and sold Plaintiffs private and highly restricted personal information to third parties who threatened the lives of Plaintiffs.

148.   As a direct and proximate result of the conduct alleged herein, Plaintiffs suffered injuries as a proximate cause of such intrusions.

149.   Accurint and IRB's acts as described herein were reckless, willful, malicious and so extreme and outrageous as to warrant the imposition of punitive damages.

## COUNT SEVEN
## AGAINST DEFENDANTS ACCURINT and IRBSEARCH, LLC
## UNFAIR and DECEPTIVE BUSINESS/TRADE PRACTICES

150.   Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as if the same were set forth here at length.

151.   Plaintiffs allege that Defendants Accurint and IRB violated the substantive consumer protection and unfair deceptive business/trade practices acts or statutes of Pennsylvania, New Jersey, New Mexico and California territories where Plaintiffs reside.

152.   By reason of the conduct as alleged herein, by advertising and marketing the Accurint and IRB reports as accurate in various media, including broadcasts, website and written promotional and other materials as comprehensive and accurate, as well as their compliance with our Federal laws outlined in the GLBA Act and DPPA, Defendants Accurint and IRB misled consumers about the accuracy of their reports and that individuals private and highly restricted personal information is maintained confidential. Defendants Accurint and IRB intentionally and willfully engaged in these deceptive acts and made false and misleading representations, causing Plaintiffs harm.

153.   Defendants Accurint and IRB violated the laws prohibiting unfair and deceptive business/trade practices of the states and territories wherein Plaintiffs reside: *Cal. Bus. & Prof. Code* §17200 *et seq.*; N.M. Stat. §57-12-1, *et. seq.*; N.J. Rev. Stat. §56:8-1 *et. seq.*; and PA 73 Pa. C.S.A. § 201, *et. seq.*

154.   At all times mentioned herein, Plaintiffs relied on their private and highly restricted personal data being maintained confidential and private by the motor vehicle departments as well as through its authorized recipients, resellers and their clientele with

proven permissible purposes to obtain the information.

155.   As a direct and proximate result of Accurint and IRB's statutory violations, Plaintiffs have been injured and suffered damages, including, but not limited to, harassment, endangerment, identity theft, death threats, stalking, medical damages, and other damages, many of which are permanent, as outlined hereinabove.

156.   By reason of Defendants Accurint and IRB's violations, Plaintiffs are entitled to recover all their damages, other relief available to them by way of the other cause of actions and treble damages.

## COUNT EIGHT
## AGAINST DEFENDANTS ACCURINT and IRBSEARCH, LLC
## GROSS/WILLFUL NEGLIGENCE

157.   Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as if the same were set forth here at length.

158.   Defendant IRB asserts on their website that they are compiled of private investigators and law enforcement officers; that at all times, privacy is maintained.  IRB also asserts they comply with the DPPA and the GLBA, and outline what their and their customer's obligations under these Federal statutes entail.

159.   Defendant Accurint asserts on their website that they only sell to parties with proven permitted and permissible purposes; that at all times, privacy is maintained. Accurint also asserts they comply with the DPPA and the GLBA, and outline what their and their customer's obligations under these Federal statutes entail.

160.   Defendant Accurint negligently and willfully obtained Plaintiffs personal and highly restricted personal data from Plaintiffs motor vehicle records for purposes not

permitted by the DPPA and willfully and negligently sold Plaintiffs reports, containing Plaintiffs personal and highly restricted personal data, governed by the DPPA to Defendant IRBSearch, LLC, who did **not** have a permitted or permissible purpose to obtain Plaintiffs data from Accurint as defined by and in violation of the DPPA. Knowing the laws, Accurint failed to verify or insure that IRB had a permitted or permissible purpose outlined in the DPPA.

161.   Defendant IRBSearch, LLC negligently and willfully sold Plaintiffs reports containing Plaintiffs private and highly restricted personal information obtained from department of motor vehicles to unauthorized third parties who did not have any legal entitlement as outlined in and in violation of the DPPA and GLBA.

162.   Accurint and IRB realized the Sankey's breached their contract with IRB and obtained information on Plaintiffs and others under the DPPA and GLBA for which they did not have any legal entitlement.  Although IRB cancelled the Sankey's account and had Accurint cancel the Sankey's account, neither Accurint nor IRB reported the serious breach to law enforcement for criminal prosecution pursuant to the DPPA nor did they notify any of the Plaintiffs and instead hid it from the Plaintiffs.

163.   Defendants Accurint and IRB were placed on notice by the Plaintiffs as to the reports sold on them unlawfully and the damages they sustained as a result thereof; Defendants Accurint and IRB willfully and maliciously refused to provide Plaintiffs copies of their reports sold to the unauthorized third parties; and willfully and maliciously refused to provide Plaintiffs the names of the unauthorized third parties who obtained their reports.

164.   Accurint and IRB's acts as described herein were grossly negligent, reckless, willful, malicious and so extreme and outrageous as to warrant the imposition of punitive damages.

165.   As a direct and proximate result of the conduct alleged herein, Plaintiffs have suffered extensive, permanent damages and seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the unlawful disclosure of their reports and personal and highly restricted personal information to unauthorized third parties.   Plaintiffs seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## **PRAYER for RELIEF**

**WHEREFORE,** Plaintiffs Brent Liberi, Lisa Liberi, Frank Ostella, Lisa Ostella and Philip J. Berg, Esquire respectfully request that this Honorable Court enter Judgment in Plaintiffs favor and against Defendants Accurint, IRBSearch, LLC, Neil Sankey, Todd Sankey and The Sankey Firm, Inc. and award Plaintiffs damages, including but not limited to all actual damages, economic damages, monetary damages, consequential damages and compensatory damages, Civil penalties, exemplary damages, treble damages and punitive damages as outlined hereinabove,  including but not limited to:

1.   All Damages are cumulative with all other awards;

2.   Actual Damages and Monetary Damages, with interest thereon at the legal rate, in an amount not less than the statutory-provided liquidated damages against Defendants;

3.      For common law damages for Defamation, Defamation by Innuendo and Invasion of Privacy against Defendants Accurint and IRBSearch, LLC;

4.      For damages and punitive damages pursuant to Defendants Accurint and IRBSearch, LLC's gross and willful negligence;

5.      For damages and punitive damages, the exact amount of which has yet to be ascertained, in order to punish Defendants Accurint, IRB, Neil Sankey, Todd Sankey and The Sankey Firm, Inc. for their willful and reckless disregard of the DPPA, pursuant to 18 U.S.C. §2724(b)(2) and for Accurint and IRB's disregard for the California Information Practices Act, California Civil Code §1798.84(c) to deter such future violations;

6.      Civil penalties and exemplary damages pursuant to *Cal. Civ. Code* §1798.53, and civil damages pursuant to *Cal. Bus. & Prof. Code* §§ 17206 and 17206.1 against Defendants Accurint and IRBSearch, LLC;

7.      For treble damages pursuant to PA 73 Pa. C.S.A. § 201-9.2(a) against Defendants Accurint and IRBSearch, LLC;

8.      For an award of reasonable attorney fees pursuant to 18 U.S.C. §2724(b)(3) against all Defendants, Accurint, IRB, Neil Sankey, Todd Sankey and The Sankey Firm, Inc.; *Cal. Civ. Code* §1798.53 against Defendants Accurint and IRB; *Cal. Civ. Code* §1798.84(g) against Defendants Accurint and IRBSearch, LLC; and PA 73 Pa. C.S.A. § 201-9.2(b) against Defendants Accurint and IRBSearch, LLC;

9.      For costs of the lawsuit incurred herein against all Defendants: Accurint, IRB, Neil Sankey, Todd Sankey and The Sankey Firm, Inc.;

10.     For an immediate Order against all Defendants ordering the removal of all of Plaintiffs private information and false allegations posted all over the Internet, republished daily and a preliminary and permanent injunction, enjoining and restraining Defendants Accurint, IRBSearch, LLC, Neil Sankey, Todd Sankey, The Sankey Firm, Inc. and any of their respective agents, servants, independent contractors, attorneys, employees, directors, officers, resellers, affiliates, businesses, representatives and all persons in active concert and participation with them from posting, publishing and/or sharing Plaintiffs personal information with any party pursuant to 18 U.S.C.§2721, *et. seq.*;

11.     For a preliminary and permanent injunction, enjoining and restraining Defendants Accurint, IRBSearch, LLC, Neil Sankey, Todd Sankey, The Sankey Firm, Inc. and any of their respective agents, servants, independent contractors, attorneys, employees, directors, officers, resellers, affiliates, businesses, representatives and all persons in active concert and participation with them from obtaining Plaintiffs personal information from any motor vehicle department, disclosing the information, using the information, compiling reports on Plaintiffs, selling Plaintiffs data, and a determination and declaration that such conduct by Defendants Accurint, IRBSearch, LLC, Neil Sankey, Todd Sankey and The Sankey Firm, Inc. is in violation of the DPPA, 18 U.S.C.§2721, *et. seq.*;

12.     For a determination and declaration that such conduct by Defendants Accurint, IRBSearch, LLC, is in violation of the California Information Privacy Act, *Cal. Civ. Code* §1798, *et. seq.*; and from its unfair Business/Trade Business Tactics, *Cal. Bus.*

*& Prof. Code* §17203, N.M. Stat. §57-12-10C; N.J. Rev. Stat. §56:8-1, *et. seq.*, and PA 73 Pa. C.S.A. § 201-9.2(b);

13.    For an Order that all reports sold on the Plaintiffs by Accurint and IRB from March 1, 2009 through the date of this lawsuit, are to be immediately provided to counsel for the Plaintiffs; and

14.    For such other and further relief as the Court deems just and proper.

**Plaintiffs demand a Jury Trial.**

Respectfully submitted,

Dated:  December 12, 2012

Philip J. Berg, Esquire 588
Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
(610) 825-3134 *Attorney for the Plaintiffs'*

## VERIFICATION of LISA OSTELLA

I, LISA OSTELLA, hereby state that I am Plaintiff in this action and verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.   The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: December __6__ , 2012

LISA OSTELLA

### VERIFICATION of LISA LIBERI

I, LISA LIBERI, hereby state that I am a Plaintiff in this action and verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.   The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated:  December 11, 2012                        _____

                                                                LISA LIBERI

59

## <u>VERIFICATION of BRENT LIBERI</u>

I, BRENT LIBERI, hereby state that I am a Plaintiff in this action and verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.   The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated:  December __11__, 2012

BRENT LIBERI

60

## VERIFICATION of FRANK OSTELLA

I, FRANK OSTELLA, hereby state that I am a Plaintiff in this action and verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.   The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated:  December __6__, 2012

_____
FRANK OSTELLA

## <u>VERIFICATION of PHILIP J. BERG, ESQUIRE</u>

    I, PHILIP J. BERG, ESQUIRE, hereby state that I am a Plaintiff in this action and verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.   The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

    Dated:  December 12, 2012

                                              PHILIP J. BERG, ESQUIRE

62